*E-filed 7/11/07*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

KONSTANTIN S. OKUNEV,

    Plaintiff,

    v.

MICHAEL CHERTOFF, et al.,

    Defendants.

Case No. C07-00417 HRL

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

Re: Docket No. 6

*Pro se* plaintiff, Konstanin Okunev, sues to compel the processing of his I-485 application for adjustment of status to lawful permanent resident ("LPR").[1] Plaintiff alleges unreasonable delay in adjudicating his application. Since its submission to the United States Citizenship and Immigration Service ("USCIS") three and half years ago, the application remains unadjudicated.[2] According to Defendants, the application is pending due to an FBI "name check." Defendants move to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

---

[1] Prior to filing this suit in January 2007, Plaintiff exhausted all administrative remedies, including resolution through political channels by contacting his Congressional representatives. *See*, Complaint Ex. B-L.

[2] It is undisputed that Plaintiff has completed all aspects of the application process within his control.

**DISCUSSION**

**A) Motion to Dismiss for Lack of Subject Matter Jurisdiction, FED. R. CIV. P. 12(b)(1)**

Plaintiff asserts two bases for jurisdiction. The first is in the nature of mandamus, where district courts have "original jurisdiction ... to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. To establish mandamus jurisdiction, the plaintiff must show that: (1) his claim is clear and certain,[3] (2) the duty owed is nondiscretionary, and (3) no other adequate remedy is available.[4] *Patel v. Reno,* 134 F.3d 929, 931 (9th Cir. 1997).

The second basis is pursuant to 28 U.S.C. § 1331 and the Administrative Procedures Act, ("APA") 5 U.S.C. §§ 551 et. seq. and 701 et. seq. Under the APA, a court may hear a petition for a writ of mandamus compelling an agency to perform an "action unlawfully withheld or unreasonably delayed" when an agency has not proceeded "within reasonable time ... to conclude the matters presented to it." 5 U.S.C. § § 555(b), 706(1). To invoke subject matter jurisdiction under the APA, Plaintiff must show that Defendants (1) had a nondiscretionary duty to act and (2) unreasonably delayed in acting on that duty. *Id.; Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 63-65.

According to Defendants, the pace of processing an I-485 application is discretionary and they have not "unreasonably delayed" processing Plaintiff's application. Alternatively, they argue preclusion of judicial review because USCIS began processing the application.[5]

---

[3] Defendants mischaracterize the claim by arguing that Plaintiff does not have a clear and certain claim to "immediate relief." However, as Defendants acknowledged at the hearing on this motion, they have a mandatory duty to adjudicate Plaintiff's I-485 application. The claim is thus clear and certain.

[4] As Plaintiff has unsuccessfully attempted resolution through available administrative and political channels, and because waiting for the agency to act indefinitely is not an adequate alternative, the third requirement is also met.

[5] Although this claim was not properly raised by Defendants (addressed for the first time in the Reply Brief), the court will address it because it is based on a decision from this circuit issued only a few days prior to the filing of this motion. See, *Li v. Chertoff*, 482 F.Supp.2d 1172 (S.D.Cal. 2007) (decided April 2, 2007).

**1) Non-Discretionary Duty**

It is undisputed that Defendants have discretion over the ultimate outcome of the administrative proceeding.[6] Further, Defendants acknowledge their mandatory duty to process Plaintiff's I-485 application. The parties here dispute whether Defendants have discretion over the *pace* of processing the application.

According to Plaintiff, if the courts cannot intervene when an application remains unadjudicated for a unreasonable amount of time, then USCIS could delay processing indefinitely. In this way, Defendants could effectively abrogate their duty to process the I-485.

Defendants counter that § 1255 of the INA grants them discretion over the decision and the process for making the agency decision, thus precluding judicial review on the issue of pace entirely. *Safadi v. Howard*, 466 F.Supp.2d 696 (E.D.Va. 2006). They further argue that because no time frame for adjudicating applications was included in the INA, this court should not impose one. *Heckler v. Chaney*, 470 U.S. 821 (1985) (judicial review under APA precluded when no standard exists against which a court may judge agency's decision).

This dispute over the discretionary nature of the pace of processing is at the center of a current split of authority among district courts. Some have adopted the argument presented by Defendants.[7] However, this court finds that the better rule permits judicial review on unreasonably delayed petitions, because the USCIS has a non-discretionary duty to adjudicate the LPR application.[8] This rule is superior because without mandamus relief, USCIS could withhold a decision indefinitely, in contravention of its statutory duty to process these applications. There are too many important rights associated with permanent resident status to allow the speed at which these applications are processed to go entirely unchecked.[9]

---

[6] *Norton,* 542 U.S. at 65; *Also see,* Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255.

[7] *See e.g.*, *Safadi*, 466 F. Supp.2d 696; *Zheng v. Reno*, 166 F.Supp.2d 875 (S.D.N.Y. 2001).

[8] *See e.g.*, *Singh v. Still*, 470 F.Supp.2d 1064 (N.D.Cal. 2007); *Razaq v. Poulos*, Slip Copy, 2007 WL 61884 (N.D.Cal.); *Yu v. Brown*, 36 F.Supp.2d 922, 933-934 (D.N.M. 1999) (exceptions to APA judicial review are narrowly construed).

[9] *E.g.*, the right to travel abroad freely, the requirement of five years of LPR status prior to seeking naturalization, and the ability to petition to immigrate close family members. *Singh*, 470 F.Supp.2d at 1070.

3

**2) Unreasonable Delay**

Although there is no time frame established by the INA for adjudicating I-485 applications, the APA has a general timing provision applicable to agency actions.[10] Plaintiff filed his application on January 20, 2004 and apparently it has spent most of the 41 months since in the FBI "name check" stage of processing. (Decl. McMahon, ¶ 14). Plaintiff asserts that this delay is unreasonable - particularly in light of the USCIS's own admission that in June of 2007 the agency was processing applications received from September 2006 to March 2007. (See, USCIS website, https://egov.uscis.gov [accessed 7/9/07]). Further, there is no evidence that this delay is attributable to the actions of Plaintiff, or that this application is particularly complex. *Singh,* 470 F.Supp.2d at 1068.

Defendants argue that this delay is reasonable because the security checks are essential to the nation's security. Although this court appreciates that the name check implicates national security, this fact alone does not excuse Defendants from providing a sufficiently specific explanation for the long delay in processing this application. Moreover, there is nothing on the record to indicate any attempts made by Defendants to expedite the name check. On the record before the court, this three and half year delay is sufficiently unreasonable to establish jurisdiction under the APA. *Gelfer v. Chertoff,* Slip Copy, 2007 WL 902382, *2 (N.D.Cal.) (delay over two years unreasonable as a matter of law); *Also see, Yu*, 36 F.Supp.2d at 935.

**3) Preclusion of Judicial Review Because Adjudication Process Commenced**

Alternatively, Defendants argue that any delay in adjudicating the application is not due to a refusal to process the application, but rather to the time required to resolve all concerns of national security. *Li*, 482 F.Supp.2d at 1177-78. As such, they argue that judicial review should be precluded over the pace of processing, because the USCIS is making "reasonable efforts" to complete the adjudication. *Id.* However, this court declines to follow this reasoning because it does not consider the adjudication process in its entirety. As stated by one court, a

---

[10] *Id.* at 1068 ("[P]etitioners whose applications for adjustment in status are properly before the INS ... have a right ... to have the applications processed within a reasonable time.") (internal citations omitted).

4

1 government agency cannot shift the blame to another government agency because the
2 government and all entities involved are arms of the government. *Paunescu v. I.N.S.*, 76
3 F.Supp.2d 896, 903 n. 2. (N.D.Ill. 1999). The declaration provided by Defendants only
4 addresses those efforts made by USCIS, but the court has no knowledge of any efforts made to
5 process the name check by the FBI.  Further, it is not clear that USCIS's efforts can be deemed
6 reasonable, where there is no record of efforts to expedite a name check pending for over three
7 years.

8      The court finds that it has subject matter jurisdiction to hear these claims because (1)
9 Defendant's duty to adjudicate Plaintiff's I-485 application is non-discretionary,  (2)
10 "unreasonable delay" is sufficiently established to assert a claim under the APA, and (3) judicial
11 review is not otherwise precluded.   The motion to dismiss under FED. R. CIV. P. 12(b)(1) is
12 DENIED.

14 **B) Motion to Dismiss for Failure to State a Claim,  FED. R. CIV. P. 12(b)(6)**

15      A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims
16 asserted in the complaint. In resolving a motion under Rule 12(b)(6), the Court must construe
17 the complaint in the light most favorable to the Plaintiff, and accept Plaintiff's factual
18 allegations as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

19      Plaintiff alleges that Defendants unreasonably delayed processing his I-485 application
20 for lawful permanent residency status  As noted above, proof of Defendants' delay, if
21 unreasonable, would entitle Plaintiff to an order directing adjudication of that application.
22 Therefore, the Complaint sufficiently states a claim upon which relief can be granted.  The
23 motion to dismiss under FED. R. CIV. P. 12(b)(6) is DENIED.

25 **IT IS SO ORDERED.**
26 Dated:    7/11/07
27                       HOWARD R. LLOYD
                      UNITED STATES MAGISTRATE JUDGE

THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

Ila Casy Deiss ila.deiss@usdoj.gov, tiffani.chiu@usdoj.gov

Konstantin Okunev misteroks@yahoo.com, kokunev@altera.com

Dated: 7/11/07

                                        /s/  KRO
                                    Chambers of Magistrate Judge Lloyd